UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATE OF AMERICA,**

v.  4:11-cr-201

**ZIMBABWE FIELDS,**

**Defendant.**

## ORDER

Before the Court is Zimbabwe Fields's "Motion Requesting Court to Enter an Order Awarding Jail Time Credit for Time Spent While in Federal Custody." ECF No. 27. For the reasons stated herein, Fields's motion is *DISMISSED*.

The Attorney General initially possesses "the exclusive authority" to determine credit for a defendant's time in custody. *Rodriguez v. Lamar*, 60 F.3d 745, 746 (11th Cir. 1995); *see also United States v. Herrera*, 931 F.2d 761, 763-64 (11th Cir. 1991). The Attorney General has delegated this right to the Bureau of Prisons, which has established regulations setting out "the procedures that prisoners *must* pursue prior to seeking relief in the district court." *Herrera*, 931 F.2d at 764 (quoting *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990)); *see* 28 C.F.R. §§ 542.10 to .19.

"The Regulations are clear and specific." *Herrera*, 931 F.2d at 764. The Administrative Remedy Procedure requires those persons at the institutional, regional, and central offices to conduct an investigation of each complaint or appeal. 28 C.F.R. § 542.11(a)(3). In most cases, the inmate must present his complaint to staff who must then attempt to resolve any issue before the inmate files a formal request for administrative remedy. *Id.* at § 542.13(a). If unable to resolve his complaint, the inmate may then file a formal written complaint. *Id.* at §§ 542.13 to .14. At that point, the Warden must file a response, and if the inmate is unsatisfied, the inmate may appeal to the Regional Director and then to the General Counsel. *Id.* at §§ 542.14 to .15. "[E]xhaustion of these administrative remedies is jurisdictional," and "*only if,* the defendant has pursued his administrative remedy may he seek relief in the district court." *Herrera*, 931 F.2d at 764.

Fields's only mention of any kind of attempt to pursue a remedy before seeking relief from this Court is his statement that "[a]fter communicating with federal authorities here in prison at Jesup, Georgia, as to why they have not correctly computed all the months I served in federal custody[,] I was told by prison officials in the records office that my federal judge is the one who must order that I be given jail credits for the 19 months of non-credited time served in federal custody." ECF No. 27 at 1. This assertion may be enough to satisfy the informal complaint procedure required by the regulations, but the government is correct that "[t]here is nothing in Fields's motion or in the record of this case that demonstrates that Fields has exhausted his administrative remedies with the BOP." ECF No. 28 at 2.

Accordingly, the Court is without jurisdiction to entertain Fields's motion.

*Herrera*, 931 F.2d at 764. Fields's motion, ECF No. 27, is therefore **DISMISSED**.

This 5 day of June, 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA